## CIRCUIT COURT OF LOUDOUN COUNTY

Patrick J. Gowin

    v.

Granite Depot, L.L.C.,
and John J. Stathis

February 7, 2005

Case No. (Chancery) 22828

BY JUDGE THOMAS D. HORNE

    Patrick J. Gowin, has filed the instant derivative action alleging a breach of fiduciary duty by the other member and manager of Granite Depot, L.L.C. Va. Code Ann. § 13.1-1042. The limited liability company and John J. Stathis, its manager, contend that Mr. Gowin lacks standing to bring this action since his membership in the limited liability company was eliminated for a failure to make a capital contribution in accordance with the obligation imposed upon him by statute and the operating agreement of the company. Va. Code Ann. § 13.1-1027. Accordingly, they ask that the case be dismissed. Central to a determination of the case is the credibility to be accorded the testimony of Mr. Gowin and Mr. Stathis.

    John Stathis and Patrick Gowin were at one time best of friends. They were college roommates at Clemson University. At the request of Mr. Stathis, Mr. Gowin left a career in Florida and moved with his wife to Virginia in the summer of 1999 to seek employment in the business of fabricating and building granite countertops. For almost three years, the two worked together to make Granite Depot, L.L.C., a profitable business. In November of 2000, Mr. Gowin joined Granite Deport, L.L.C., as a member. Although initially offered either a 20% interest in the business in two years or a check for $200,000.00 should he come to Virginia, the complainant was offered membership in a lesser time. He, Mr. Stathis, and their spouses shared a close

personal relationship as well. One that would lead to their constructing homes adjacent to each other.

On November 9, 2000, an Amended and Restated Operating Agreement was executed that made Mr. Gowin a member with a 20% interest in Granite Depot. The remaining 80% interest remained that of John J. Stathis, member and sole manager of the company. Contemporaneous with the execution of the Agreement, complainant signed a promissory note payable to Granite Depot in the amount of $12,500.00. At the time of the execution of the note, Mr.Gowin was working long hours, enjoying a good income, and substantially enhancing the profitability of this multimillion-dollar enterprise. As noted above, the controversy between the parties surrounding the circumstances attendant upon the execution of this note is determinative of Mr. Gowin's continued status as a member.

The operating agreement mirrors the statutory provision respecting the manner in which contributions could be made to the company. Consistent with those mandates, a member could, "make a contribution in cash, property, or services rendered or a promissory note or other binding obligation to contribute cash or property or to perform services." Va. Code Ann. § 13.1-1027(A); Amended and Restated Operating Agreement, Article 1, para. 1.01(a). While the operating agreement contains an integration clause, the Court finds, in accordance with traditional principles, that the Agreement and note must be read together, and that, as a condition precedent to membership, the note evidenced the complainant's capital contribution. The execution of the documents was part of a single transaction involving the membership of the complainant in the limited liability company.

In determining whether to consider the note as the complainant's contribution to Granite Depot and its contemporaneous execution as consideration for a 20% interest, the general rule clearly implicates that:

> [w]here two papers are executed at the same time or contemporaneously between the same parties in reference to the same subject matter, they must be regarded as parts of one transaction, and receive the same construction as if their several provisions were in one and the same instrument.

*Parr v. Alderwoods Group, Inc.*, 268 Va. 461, 467 (2004) (authorities omitted); *Countryside Orthopaedics, P.C. v. Peyton*, 261 Va. 142 (2001).

Central to a determination of the issue of the membership of the complainant in the limited liability company is the testimony of Mr. Gowin and Mr. Stathis concerning a conversation between them at the time the note

was executed by Mr. Gowin and delivered to Mr. Stathis. Mr. Gowin contends that Mr. Stathis, as sole manager of Granite Depot, represented to him that the note was, "something [the company's lawyer] said had to be done" and that he was, "not to worry about it, the company would take care of it." He further recalled that this statement was made as Mr. Stathis put the note in his desk drawer. Accordingly, he did not pay the note. Mr. Stathis contends that the representation that the company would pay the note was never made. Once the note was delivered to Mr. Stathis, nothing more was said about it between the parties until January of 2003 when Mr. Gowin was notified that his membership in the limited liability company was being eliminated because he failed to pay the note in accordance with its terms.

The Court accepts, and the other evidence in the case supports, the testimony of Mr. Gowin concerning this conversation. It is the testimony of Mr. Gowin that the Court finds more credible. In so doing, the Court is mindful of the responses to interrogatories and prior pleadings regarding consideration paid for the interest in the L.L.C. Mr. Stathis, as manager could, and did, waive payment on the note by the complainant as a condition of membership. Responsibility for payment, as he represented, would be that of Granite Depot, L.L.C. It is not remarkable, given this proffer and the manner by which these parties carried out the business of the company, that the issue would not later be raised. It was reasonable for Mr. Gowin to expect that the method by which the company would account for payment on the note would be determined by the accountant at a later time as was extensively done with other payments by an adjusted journal entry.

Moreover, the fact that Mr. Gowin resigned his employment with the company in the spring of 2002 would not affect his 20% membership interest.

A review of the note reflects errors on its face that would suggest that no one was particularly concerned about its terms at the time of execution. As noted, testimony of the parties and of the company's accountant would suggest that both parties left it to year-end "adjusted journal entries" to classify payments not properly considered as compensation or loans. The note was never "booked" as an asset of the business. Although not required by the operating agreement, no notice was ever given regarding payment on the note until Mr. Gowin's membership was eliminated. The Court finds that, while Mr. Gowin did not make payment on the note, Mr. Stathis, as manager of Granite Depot, waived any obligation on the part of his former roommate to make payment.

To prove that Granite Depot waived its right to rely upon the complainant's failure to pay the note in eliminating his membership in the limited liability corporation, the complainant must have demonstrated that,

with knowledge of the business's right to rely upon a default by Mr. Gowin in making the required payments, Mr. Stathis, as its singular manager, possessing the power so to do, voluntarily and intentionally relinquished that right, making it the responsibility of Granite Depot to make the payments on Mr. Gowin's behalf. As with many other expenditures, the treatment to be accorded such payments, would be left to the accountant to reconcile later. As Justice Poff, writing for the Supreme Court of Virginia has noted:

> [w]aiver, as a doctrine of law, is voluntary action or inaction with intent to surrender a right *in esse* with knowledge of the facts and circumstances that gave birth to the right. . . . In waiver, both knowledge of the facts basic to the exercise and the intent to relinquish that right are essential elements.

*Employers Ins. Co. v. Great American*, 214 Va. 410, 413 (1973).

Mr. Stathis testified that he had no recollection of his conversation with the complainant concerning the note. His actions in providing for a means of eliminating members who have defaulted in payment of their capital contributions is not a breach of fiduciary duty. However, his unwillingness to recognize the waiver of payment is. While the Court has found that the representation concerning payment was indeed made, it does not conclude that his actions as manager, including the adoption of the amended articles of organization on November 30, 2002, that permitted Granite Depot to eliminate a member for a failure to make a required contribution, were of such a nature as would support the request that he be removed as manager.

The Court's having determined the other issues respecting standing as a matter of credibility and having found that the L.L.C. waived its right to seek payment on the note from the complainant and terminated his membership thereby makes it unnecessary to consider further the other arguments of the parties. Mr. Gowin remains a member of Granite Depot, L.L.C., with a 20% interest. As such he has standing to initiate a derivative action on behalf of Granite Depot against the manager for a breach of fiduciary duty. Va. Code Ann. §§ 13.1-1042, 13.1-1024.1(A).

As manager of the limited liability company, Mr. Stathis was under an obligation to discharge his duties, "in accordance with the manager's good faith business judgment of the best interests of the limited liability company." Va. Code Ann. § 13.1-1024.1(A). *Flippo v. CSC Associates III, L.L.C.*, 262 Va. 48, 56 (2001).

The business of the company can be efficiently and effectively carried on with Mr. Stathis as manager after an accounting has been conducted and the

interests of the parties determined. Accordingly, the Court will direct that an accounting be made between the members to establish their interests in and obligations to the limited liability company, including costs and reasonable attorney's fees that may be owed as a result of the instant litigation. Costs and attorney's fees shall be assessed against the manager, Mr. Stathis.

The Court will refer the matter of the accounting to William Atwill, Esquire, a Commissioner in Chancery of this Court, to take further testimony and make a report concerning the accounting and determination of fees.