## CIRCUIT COURT OF LOUDOUN COUNTY

Patrick J. Gowin

v.

Granite Depot, L.L.C.,
and John J. Stathis

April 1, 2005

Case No. (Chancery) 22828

BY JUDGE THOMAS D. HORNE

Respondents have moved the Court for reconsideration of its earlier letter opinion dated February 7, 2005. Previously, the Court found that the respondent, Granite Depot, had waived its right to demand payment by the complainant of a note given in satisfaction of his capital contribution to the company.[1] In finding support for a waiver, the Court specifically noted that Mr. Stathis, then the only manager of the company, with knowledge of the facts surrounding the execution of the note and with the intent to waive the right of the company to insist on payment, stated to the complainant that the note was, "something [the company's lawyer] said had to be done" and that he [Gowin] was, "not to worry about it, the company would take care of it." Mr. Gowin also related, and the Court finds, that this statement was made as Mr. Stathis put the note in his desk drawer. Although Mr. Stathis denies having made the statement, the Court, as the arbiter of the credibility of witnesses and weight of the evidence, rejects such denial.

Although willing to make payment on the note, Mr. Gowin failed to do so.

Absent a finding of waiver, the Court would conclude that Granite Depot properly terminated the complainant's membership on default of

---

[1] 66 Va. Cir. 385. [Reporter's Note]

the note and in accordance with the Amended Articles of Organization and Amended and Restated Operating Agreement. Accordingly, Mr. Gowin would, under such circumstances, lack standing as a member to pursue the instant cause.

However, the Court is of the opinion that it should reconsider so much of its opinion finding that Mr. Stathis had by his words and conduct waived the right of Granite Depot to insist upon the payment of the capital contribution by Mr. Gowin. That is, under the circumstances of this case, could Mr. Stathis as manager, contrary to the statutory formalities attendant to such an action, nevertheless bind the company to pay the debt?

In their motion for reconsideration, the respondents state that Mr. Stathis, "[d]id not have the legal power to waive Granite Depot's Rights." They note that § 13.1-1027(C) of the Virginia Code provides that:

> [u]nless otherwise provided in the articles of organization or an operating agreement, the obligation of a member to make a contribution or return money or other property paid or distributed violation of this chapter may be compromised only by consent of all the members.

Additionally, such action by the members is limited by the following:

> [u]nless otherwise provided in the articles of organization or an operating agreement, the members of a limited liability company may take action permitted or required to be taken by the members without a meeting, without prior notice and without a vote if a consent or consents in writing, setting forth the action so taken, shall be signed by members having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting.

Va. Code § 13.1-1022(E). Neither the Articles of Organization of the limited liability company nor the Amended and Restated Operating Agreement provide otherwise. No such written consents are part of the record in this case.

As earlier noted in the Court's letter opinion, the note and the Amended and Restated Operation Agreement are to be read together. *Countryside Orthopaedics v. Peyton*, 261 Va. 142 (2001). While the

failure to follow the dictates of the statute may lead to a harsh result, a substantial question is presented as to whether such a failure prohibits the Court granting relief to the complainant in this derivative action.

Accordingly, the Court will grant reconsideration only as to the issue of whether there was a valid waiver under the facts as determined by the Court. Such reconsideration is limited only to the question presented.

Mr. Price will be granted twenty-one days to file any written opposition to the motion filed by counsel for the respondents as to this limited issue. Respondents may file a rebuttal to the response of the petitioners within fourteen days thereafter. The case will be placed on the docket for Motions Day, June 3, 2005, for any additional arguments on the motion.

The case will be continued; however, further proceedings are stayed pending a reconsideration of the prior letter opinion. The case is continued.